MATAWAN TILE COMPANY, a corporation, complainant,

*v.*

SECOND UNITED CONSTRUCTION COMPANY, a coproration,. defendant.

---

SECOND UNITED CONSTRUCTION COMPANY, a corporation,. and THOMAS D. MILLER, HYMAN KRAMER and MOE M. FAST, as trustees for creditors of the Second United Construction Company, appellants,

*v.*

SAMUEL H. NELSON, receiver of Second United Construction Company, a corporation, appellee.

[Submitted May term, 1931. Decided October 19th, 1931.]

---

*Messrs. Feder & Rinzler* and *Mr. Louis A. Fast,* for the appellants.

*Mr. John A. Bernhard,* for the appellee.

The opinion of the court was delivered by

BODINE, J.

This is an appeal from an order entered in the court of chancery appointing a statutory receiver for the defendant

company and granting incidental relief. The complainant, a judgment creditor, filed the bill. The bill was sufficient upon its face and was supported by affidavits proving every material allegation. At the hearing before Vice-Chancellor Church, no disputed facts were presented. Strangely enough, in view of the appeal, it appears from the affidavit of the president of the defendant company that the company had made, some years before, an assignment to trustees of its last remaining asset in order to secure its creditors other than the complainant. It further appears that the trustees still held the bond and mortgage so assigned and could make no distribution of the proceeds thereof till the same was paid. It was also stated by the president in his affidavit that the company had no funds or other assets and was unable to finance itself or to resume its business since it had no property whatever. The proceeds of the mortgage assigned to the trustee appear not sufficient to pay the just claims in full.

A careful examination of the record shows that there was adequate proof of every material jurisdictional fact, and that this proof was offered not only by the complainant but also by the defendant and was not controverted in any way.

The court of chancery afforded ample opportunity to answer the allegations of the bill since the answering affidavits supported the bill, and there could have been no possible reason for a postponement since there was no defense by the sworn admission of defendant's head officer filed in its behalf.

The defendant suffered no surprise or unfairness because the matter was not continued, so as to defeat the complainant's clear and unequivocal right as a creditor whose claim had been reduced to judgment and remained unsatisfied to have a receiver appointed to wind up the affairs of the insolvent company and secure an equitable distribution of the assets which had been transferred so as to hinder and delay its just claim.

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.